**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| DIANE ROXBURY,<br><br>               Plaintiff - Appellant,<br><br>  v.<br><br>CAROLYN W. COLVIN, Acting<br>Commissioner of Social Security[**]<br><br>         Defendant - Appellee. | No. 11-36064<br><br>D.C. No. 6:08-cv-00951-HO<br><br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Oregon
Michael R. Hogan, District Judge, Presiding

Submitted March 5, 2013[***]
Portland, Oregon

Before: TASHIMA, CLIFTON, and BEA, Circuit Judges.

---

      [*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

      [**]     Carolyn W. Colvin, Acting Commissioner of Social Security, is substituted for her predecessor pursuant to Fed. R. App. P. 43(c)(2).

      [***]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Appellant Diane Roxbury appeals the district court's denial of bad faith fees and reduction of supplemental attorneys' fees pursuant to the Equal Access to Justice Act, 28 U.S.C. §§ 2412(b) & 2412(d)(1)(A), respectively. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

1. "[A]warding fees based on bad faith is punitive and should be imposed only in exceptional cases and for dominating reasons of justice." *Rodriguez v. United States*, 542 F.3d 704, 711 (9th Cir. 2008). The Commissioner had at least some reason to argue for a reduction, so the Commissioner's conduct did not constitute an "exceptional case" where "dominating reasons of justice" required a finding of bad faith. *See id.* at 711.

2. In its denial or reduction of attorneys' fees, the district court "must explain how it came up with the amount." *Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008). However, if "the difference between the lawyer's request and the court's award is relatively small, a somewhat cursory explanation will suffice." *Id.* Here, the district court adequately explained its reasoning – i.e., duplication of hours, inefficient division of labor, and block billing – for the small fee reduction.

AFFIRMED.